UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIEGO MAURICIO BAZOALTO
SUAREZ,

                        Case No. 2:26-cv-529-KCD-NPM

          Petitioner,

     v.

GARRETT J RIPPA, ATTORNEY
GENERAL PAMELA BONDI,
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
WARDEN, FEDERAL DETENTION
CENTER, MIAMI,

          Respondents.

_____/

## ORDER

Petitioner Diego Mauricio Bazoalto Suarez is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an emergency motion for expedited consideration and immediate release (Doc. 7).[1] He asks this Court to shorten Respondents' time to respond to the petition because his liberty is at stake. (*Id.* at 2-3.)[2] He also seeks

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The petition is not paginated, so the Court uses the pagination generated by its electronic filing system.

immediate release from custody unless he is provided with an individualized bond hearing. (*Id.* at 3.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## A. Expedited Consideration

Suarez has asked this Court to move his habeas petition to the front of the line and expedite the ruling. (Doc. 7 at 2.) The reasons for requesting immediate action are that the legal issues are narrow, and his liberty is at stake. (*Id.* at 2-3.)

The Court does not take these issues lightly. It is sympathetic to the fact that Suarez is detained and awaiting a ruling. But here is the reality of the situation on the ground: the Court simply lacks the resources to expedite this case. Over the last month alone, this district has been inundated with

2

several hundred habeas corpus petitions. The vast majority of claimants are, just like Suarez, alleging unconstitutional detention.

The Court is doing its level best to work through these cases as efficiently and effectively as possible. But "this is a district court—not a Denny's." *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring). The Court cannot simply snap its fingers and arrive at the outcome.

Finally, there is a practical point to make here. When the Court is forced to stop reviewing the merits of these urgent petitions to read, consider, and draft orders resolving ancillary requests for speed—like the motion filed here—the entire process slows down. Diverting our limited judicial resources to address motions to expedite paradoxically ensures that relief for everyone comes slower. The arithmetic of a crowded docket is unforgiving. We cannot put one case on a faster track without inherently and unfairly delaying the rest. Every time a petition is pulled out of order and moved to the front of the line, another petition—perhaps one filed earlier, by someone suffering from equally grave medical conditions—inevitably gets pushed further back. In a landscape where so many litigants are seeking urgent relief, fairness requires managing the queue with an even hand, rather than allowing a motion to expedite to effectively penalize those who are patiently waiting their turn.

## B. Immediate Release

Suarez seeks an even more drastic remedy—to disturb the status quo of his current detention—and grant him essentially the full measure of relief he seeks in the habeas petition, all before the Government has even had an opportunity to be heard. The Court declines the invitation.

Temporary restraining orders are meant to "preserv[e] the status quo rather than grant[ ] most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 430 (11th Cir. 1983). Some of the relief demanded in the TRO is identical to what Suarez seeks in his underlying habeas petition. (Doc. 1 at 3.) So the TRO is denied insofar as it requests that Respondents be enjoined from continuing to detain him unless he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) within 48 hours. (Doc. 7 at 4); *see also Maldonado v. Cnty. of Duval*, No. 3:17-CV-160-J-20JBT, 2017 WL 6611326, at *2 (M.D. Fla. Oct. 24, 2017).

While the Court takes Suarez's underlying liberty claims seriously, the specific stopgap measures he requests are not appropriate. Accordingly, his Emergency Motion for Expedited Consideration and Immediate Release (Doc. 7) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

4

**ORDERED** in Fort Myers, Florida on March 10, 2026.

Kyle C. Dudek
United States District Judge

5